Good morning. May it please the court, Maria Genovese for the petitioner. And with the court permission, I would like to reserve two minutes for rebuttal. The petitioner's notario representative committed fraud on her and that fraud led to her inabstantial deportation order. The same notario's misrepresentation led to the denial of a subsequent motion to reopen. The immigration judge denied the motion without prejudice to refiling, and the motion was in fact unopposed by the government's counsel. The petitioner did not sleep on her rights. She hired another attorney to pursue her motion to reopen. The attorney reviewed the record of proceedings and at that time did not feel that a legal theory was available for her to reopen the case. The petitioner then hired a third attorney at a later time who filed a motion to reopen pursuant to Lopez. This court in Soka Gonzales held that equitable tolling in this circuit requires only that the party invoking tolling show that her ignorance of the limitations period was caused by circumstances beyond her control. The court said that the inability to obtain vital information bearing on the existence of a claim need not be caused by the wrongful conduct of a third party. In this case, the petitioner's first non-lawyer representative caused her to be ordered deported. Exercising due diligence, she continued to pursue her case and the fact that at the time when she hired her second representative, the legal theory for her claim did not exist, and should not be held to penalize her for not pursuing her motion to reopen at that time. When she hired her third attorney, that's when the claim, the existence of the claim, was clear and she then filed a motion to reopen. What's the husband's status? Her husband is a permanent resident and he filed a petition for her to immigrate. And that petition actually is current right now. She could get her green card through that petition except for this deportation order that is outstanding. Her husband, as a permanent resident, filed a petition for her to immigrate. And that petition is current except that this motion, I mean, except that the deportation order that she has against her prohibits her from pursuing her adjustment of status as a permanent resident. Well, wait a minute. She, there was a motion to reopen without the proper fee. Is that right? That's correct. And that was mailed back to her in 19, what, 99, 98? Yes, 98. Then she retained you? Yes. In April of 1999. Right. And I looked at the record and at that time I didn't feel that there was any relief available because Lopez was decided in July of 99. And then I, so Lopez was decided when? In July of 99. But the, but as I understand it, the, then she had another, so she got another counsel and in August 1st, 2000, there was a second motion to reopen? That's correct. And then what happened to that? That motion was unopposed by the government's counsel, but the immigration judge denied it, denied it.  Denied it as unfoundly filed. Well, I guess the problem, the problem I have is that Lopez was decided in, what did we say? August 1999? That's correct. And the petition for reopening wasn't filed until more than a year later? Well, yes, Your Honor, that's exactly what happened, but. But she didn't have a lawyer in there, is that right? Right, the SOCOP. Because you told her there's nothing we can do because there was no lawyer. Right, and the case was dropped. And actually, SOCOP Gonzalez does say that the court shouldn't penalize the petitioner for the attorney's failure to recognize a legal theory and so on. Well, the problem is that the BIA even recognized the problem here. We agree with the immigration judge that the statute of limitations for filing the motion to reopen was told until December 98. After that date, the respondent should have recognized that she was the victim and was under an obligation to file her motion to reopen within 180 days. So it was due in June of 99, but it wasn't until a year later. Yes, Your Honor, but. The motion was filed. What explains the year delay after 180 days? Well, the board, I think, uses the wrong standard because they say that in December 98 she should have recognized that she was a victim of negligence. But, in fact, that's not the correct standard. It's not whether a person in the petitioner's shoes should have reasonably recognized, but whether when did she actually become aware of the fraud. And the record is not necessarily clear as to the fact that she became aware of the fraud in December 98, only that the motion was denied in December of 98. What did she know in December of 98? Excuse me? What did she know then in December of 98? The only thing that happened in December 98 was that the motion was denied without prejudice. And so if she was aware of that, she wouldn't have necessarily known that the denial was due to the notarious fraud. What work does she do? What work? She's a housewife. What? She's a housewife. She's never worked outside of the home. Well, that's work, isn't it? She has children? Yes. She has four children. Four children. Three or four. Okay. You have a couple minutes left. Thank you. Good morning. May it please the Court. Russell Burby, on behalf of Attorney General Alberto Gonzalez. The petitioner was ordered to remove an abstention. As we know, the controlling regulation and statute gave her 180 days in which to file the motion to reopen. The parties agree that there was a tolling in this case because of difficulties this particular petitioner faced with a counsel or a representative of some sort. We part company, however, in the situation of how long that tolling period ran and when the clock started running again. We know from Socop Gonzalez and from Lopez that this Court has determined that this statutory period can be told where there is fraud committed against the alien by a less than honorable representative. In this case, the petitioner alleged that a misunderstanding between herself and counsel resulted in her not appearing for her initial immigration hearing, and that resulted in her being removed in abstention. There was a motion to file reopening. The reopening motion was denied because the proper fee was not affixed to it. It was then submitted for a waiver, and the waiver was denied. This was December of 1998, and that's a very critical decision. That decision, which we're very certain, there's no allegation that the petitioner didn't see that decision, says this is why the motion is not being accepted. That should have been. Because of the failure to pay a fee? The failure to pay the fill. How much? It was about $110, if memory serves me correct, Your Honor. So the question in this case has to focus on when the error was actually discovered by the petitioner or when a reasonable person in her position would have discovered that error. The error being? The error being the fee not being filed, Your Honor. It wasn't her position that she paid the money in cash to this Miranda fellow, and he didn't send the money in. Yes, Your Honor, that was her. That's the position that the petitioner has taken, and I think the judge's decision in 1998 certainly would have tipped someone's hat to the fact that, well, the fee was never filed. It clearly says the fee was never filed, and she probably should have consulted somebody at that point. If we wait until April and we take it, if we start the tolling period then, stop it then, you get to July of 1999. It should have been June of 1999. It should have been filed. If we wait until April when we talk to an attorney, May when the record is fully reviewed of 1999, that means we start the period running then, this motion should have been filed sometime in late 1999. Even if we wait until the Lopez decision in July of 1999 and we start the period running then, we still run into early 2000, and this motion isn't filed until August of 2000. So no matter how you cut the cake, this motion's late. Does she speak English? I'm not aware, Your Honor, what her language capabilities are. What work does her husband do? That I'm not aware of either, Your Honor. Okay. Thank you. Thank you. Regarding the immigration judge's first decision when the motion was denied for failure to pay the filing fee, actually, instead of the filing fee, the petitioner's first counsel filed a fee waiver request, and the decision, the way it's worded, I don't think that a person who doesn't have much education or even speaks English would have become aware of it. Where was the notice of that sent? When was it sent? Where? To her former attorney's address. It just says that the respondent's fee waiver. Was that an attorney or a notary? This was an attorney who was hired by the notary. But as the record shows, the petitioner never had direct contact with this attorney. She always dealt with the notary. Are you denying that she got it? It was sent where it was supposed to go. And you're not denying that she didn't get it? You know, the record is not clear as to whether she did receive the notice, but she was only dealing with the notary. Well, the other side said even if we give you all the benefit of this doubt and we keep pushing off the time where the clock starts again, you're still many, many months late without any explanation. What's your answer to that? Well, as I said, I mean, it wasn't for lack of due diligence on the petitioner's part that the motion was filed in August of 2000, because she did hire another attorney, myself, in April of 1999. And as I said, I did look at the record, but Lopez was nonexistent at that time. And so the equitable point as to non-attorneys, that legal theory did not really exist at that time. Okay. We understand. Thank you. The case just argued is submitted for decision. We'll hear the next case, which is Resendez v. Kobensky. Good morning. May it please the Court.
judges: Schroeder, Pregerson, Trott